# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TERRI STEINKEN, | ) |
| | ) |
| Plaintiff, | ) Case No. |
| v. | ) Judge |
| | ) |
| SEARS HOLDINGS CORPORATION, | ) |
| d/b/a SEARS, ROEBUCK & CO., | ) |
| | ) |
| Defendant. | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, TERRI STEINKEN ("Steinken"), by and through her attorneys, Mark D. Wetterquist, and for her Complaint at Law against the Defendant, SEARS HOLDINGS CORPORATION, states as follows:

### *JURISDICTION AND VENUE*

1. This is a suit authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e)-2, 42 U.S.C. § 1981, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.*

2. The jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 42 U.S.C. §2000(e)-2, 42 U.S.C. §1981 (b), 29 U.S.C. § 621, and 42 U.S.C. § 12101 *et. seq.,* providing for declaratory, injunctive, compensatory, punitive, and other relief against employment discrimination based upon age and disability and in retaliation for the same. Jurisdiction of this court is based upon federal questions, 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391 (B). The Defendant resides and does business in this district, and the events giving rise to Plaintiff's claims occurred here.

## *THE PARTIES*

4. Steinken is a citizen of the United States and the State of Illinois and resides in the City of Palatine, Cook County, Illinois.

5. Steinken is a member of a protected class in that her date of birth is September 24, 1958, and she has a disability, cerebral palsy.

6. During all relevant times, Steinken was an "employee" of the Defendant within the meaning of the ADA and ADEA.

7. Sears Holdings Corporation (herein, "Sears" or "Defendant") is qualified to do business in the State of Illinois, does business in Cook County, Illinois and is in the business of catalogue and retail sales.

8. Sears is an "employer" as that term is defined under the under Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b), the ADEA, 29 U.S.C. § 630 (B) and the ADA, 42 U.S.C. Sec. 12111 (4).

## *ADMINISTRATIVE PROCEDURES*

9. All conditions precedent to jurisdiction have occurred or been complied with, to-wit:

    a. Steinken filed a charge of discrimination no. 440-2014-01150 with the Equal Employment Opportunity Commission ("EEOC") on January 9, 2014, a copy of which is attached hereto as *Exhibit 1*.

    b. The EEOC issued a notice of right to sue to Steinken for charge no. 440-2014-01150 on May 18, 2016, a copy of which is attached hereto as *Exhibit 2*.

10. That the Complaint and Request for Jury Trial in this matter was filed within ninety (90) days of receipt of the EEOC's Notice of Right to Sue.

## *BACKGROUND FACTS*

11. Steinken began her employment with the Defendant on or about September 13, 1977 and Steinken's most recent position with Defendant was cashier in the Tools Department.

12. During her nearly thirty-six (36) years of employment with the Defendant, Steinken performed many functions including catalogue merchandise pickup, security and for the final eighteen years of her employment as a cashier. As a cashier, Steinken worked in the following departments: children's clothing, juniors clothing, tools, Kidtronics and as a floating cashier between departments as needed.

13. Throughout her employment, Steinken performed her job duties to Defendant's legitimate expectations and in an exemplary manner.

14. On or about July 27, 2013, Defendant terminated Steinken's employment with Defendant. At the time it terminated Steinken's employment, Defendant stated that the cashier position in the Tool Department was being eliminated. No other reason for Steinken's termination was provided by Defendant.

15. Shortly after the termination of Steinken's employment by Defendant, Defendant interviewed and hired many, younger, non-disabled individuals to work for Defendant as cashiers.

## *COUNT I - AGE DISCRIMINATION*

16. Steinken reincorporates and realleges Paragraphs 1 through 15 as though more fully set forth herein.

17. Steinken is a member of a protected class, over forty years old.

18. During the course of Steinken's employment with Defendant, she performed to Defendant's legitimate expectations and in an exemplary manner.

19. Steinken was terminated on or about July 27, 2013.

20. One or more similarly situated employees outside of Steinken's protected class were treated more favorably.

21. Defendant, in violation of the provisions of 29 U.S.C. § 621, §623 *et seq.*, has denied and continues to deny Steinken an equal opportunity for employment because of her age.

22. When Steinken was terminated, she was subjected to age discrimination in that there was a double standard set up between older employees and younger employees not included within the protected class. Plaintiff's younger counterparts were not subjected to discriminatory treatment.

23. Defendant knew that the termination of Steinken because of her age violated the ADEA.

24. That Defendant's stated reason for terminating Steinken was untrue and false in that Defendant failed to offer Steinken alternative, appropriate position(s) and Defendant hired other younger and inexperienced individuals to work at Sears. As such, said reasons for Steinken's termination were and are pretextual.

25. That by the conduct described hereinabove, the Defendant has willfully and intentionally, with malice or reckless disregard of the Steinken's rights as an employee, engaged in unlawful and discriminatory employment practices in terminating Steinken in violation of the ADEA.

26. That as a direct and proximate result of the aforementioned wrongful and discriminatory practices performed by the Defendant, by and through its duly authorized agents, servants and or employees, Steinken has suffered and continues to suffer lost wages, lost benefits and other pecuniary damages.

27. That as a direct and proximate result of the aforementioned wrongful and discriminatory practices performed by the Defendant, by and through its duly authorized agents,

servants and or employees, Steinken has experienced substantial damages for mental anguish, emotional distress, loss of enjoyment of life, and other nonpecuniary losses.

28. Plaintiff demands a trial by jury.

WHEREFORE, the Plaintiff, Terri Steinken, requests the judgment of this Court against the Defendant, SEARS HOLDINGS CORPORATION, as follows:

    A. Award the Plaintiff, Terri Steinken, compensatory damages, including pecuniary and non-pecuniary damages in an amount to be determined at the trial of this matter;

    B. Award the Plaintiff, Terri Steinken, her attorney fees, including litigation expenses and the costs of this action;

    C. Award the Plaintiff, Terri Steinken, punitive damages in an amount to be determined at the trial in this matter;

    D. Grant such other relief as may be just and proper.

### *COUNT II – DISABILITY DISCRIMINATION*
### *(DISPARATE TREATMENT)*

29. Steinken reincorporates and realleges paragraphs 1 through 28 as if fully set forth herein.

30. Steinken was a member of a protected class, as she suffered and suffers from a disability, cerebral palsy.

31. Throughout her employment, Steinken performed her job duties to the Defendant's legitimate expectations and in an exemplary manner.

32. On or about July 27, 2013, Defendant terminated Steinken's employment.

33. That there are and have been similarly situated employees that were retained who are not disabled and yet were at all relevant times less experienced and less senior compared to Steinken.

34. Defendant, in violation of the provisions of 42 U.S.C. Sec. 12101 *et seq.*, has denied and continues to deny Steinken an equal opportunity for employment, because of her disability.

35. When she was terminated, Steinken was subjected to disability discrimination in that there was a double standard set up between disabled employees and non-disabled employees not included within the protected class. Plaintiff's non-disabled counterparts were not subjected to the discriminatory treatment to which Plaintiff was subjected.

36. Disability was a determining factor in Plaintiff's discriminatory treatment and termination. But for Plaintiff's disability, she would not have been terminated. Defendant knew that the discriminatory treatment and termination of Steinken on account of disability violated the ADA.

37. The unlawful employment practices alleged herein were committed within the State of Illinois.

38. In terminating Steinken, Defendant wrongfully discriminated against her because of her disability and in violation of the ADA, 42 U.S.C. Sec. 12112 (A).

39. In terminating Steinken, Defendant maliciously and/or recklessly violated the ADA.

40. Plaintiff demands a trial by jury.

### *DISABILITY DISCRIMINATION*
### *(FAILURE TO ACCOMMODATE)*

41. That Defendant's termination of Steinken based upon her disability violates the ADA.

42. At the time of her termination, Steinken requested an accommodation for her disability and that she be considered for one of the many other cashier or other positions

6

available at Sears.

43. Though Defendant could have reasonably accommodated Steinken's disability, it refused to do so. Such an accommodation would not have caused Steinken to be terminated and endure the related undue hardship.

44. In refusing to reasonably accommodate Steinken, Defendant wrongfully discriminated against her because of her disability and in violation of the ADA, 42 U.S.C. Sec. 12112 (A).

45. That by the conduct described hereinabove, the Defendant has intentionally, maliciously, wilfully and/or recklessly engaged in unlawful discriminatory employment practices in treating Steinken with different terms and conditions as other similarly situated employees, including but not limited to denying her the opportunity to continue working for Defendant when other less qualified non-handicapped employees were maintained or hired, all in violation of the ADA.

46. That as a direct and proximate result of the aforementioned wrongful and discriminatory practices performed by the Defendants, by and through their duly authorized agents, servants and or employees, Plaintiff has suffered and continues to suffer lost wages, lost benefits and other pecuniary damages;

47. That as a direct and proximate result of the aforementioned wrongful and discriminatory practices performed by the Defendants, by and through their duly authorized agents, servants and or employees, Plaintiff has experienced substantial damages for mental anguish, emotional distress, loss of enjoyment of life, and other nonpecuniary losses;

WHEREFORE, the Plaintiff, TERRI STEINKEN, requests the judgment of this Court against the Defendant, SEARS HOLDINGS CORPORATION, as follows:

A. Award the Plaintiff compensatory damages, pecuniary and non-pecuniary damages in an amount to be determined at the trial of this matter;

B. Award the Plaintiff her attorney fees, including litigation expenses and the costs of this action;

C. Award the Plaintiff punitive damages in an amount to be determined at the trial in this matter;

D. Grant such other relief as may be just and proper.

### *COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

1-15. Steinken reincorporates and realleges paragraphs 1 through 15 above as paragraphs 1-15 of this Count III.

16. Defendant was during all relevant times aware of Steinken's age and disability and that Steinken used crutches at all times as a result of her disability.

17. Despite Defendant's prior knowledge of Steinken's age, disability and need for crutches, on information and belief, on at least one occasion Defendant stated to Steinken that she could avoid having her employment terminated if she could perform functions requiring Steinken to at all times walk and simultaneously operate a hand-held computer tablet.

20. Defendant's actions were extreme and outrageous in that:

a. Defendant knew or was reckless in not knowing that Steinken at all times required crutches;

b. Defendant knew that it would be impossible for Steinken to perform duties that required Steinken to walk and simultaneously operate a hand-held computer tablet;

c. Defendant knew that the termination of Steinken's employment upon such

8

conditions would cause Steinken great and extreme emotional distress.

        d.     Defendant knew that terminating Steinken's employment based upon her age and disability would cause Steinken great and extreme emotional distress.

22.     Steinken has suffered and will continue to suffer sleeplessness and severe emotional distress, all of which are a result of the conduct of the Defendant.

WHEREFORE, plaintiff, TERRI STEINKEN, prays that this Court enter an order of judgment in her favor and against defendant SEARS HOLDING CORPORATION, d/b/a SEARS, ROEBUCK & CO., and provide for the following relief:

    A.     Compensatory damages in an amount in excess of $50,000.00;

    B.     Punitive damages in the amount of $1,000,000.00; and

    C.     Costs and reasonable attorneys' fees incurred as a result of this action.

## JURY REQUEST

The Plaintiff, TERRI STEINKEN, by her counsel, The Law Offices of Mark D. Wetterquist, hereby requests a trial by jury on all issues hereinabove, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

                              Respectfully submitted,
                              Plaintiff, Terri Steinken,

Dated: August 5, 2016          By: */s/ Mark D. Wetterquist*
                                              One of her attorneys
                                              Mark D. Wetterquist & Associates
                                              20 N. Clark Street, Suite 3000
                                              Chicago, IL 60602
                                              Tele: (312) 580-1254
                                              Fax: (312) 580-1256
                                              ARDC No. 6206236
                                              Attorney for Plaintiff

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2014-01150 |

Illinois Department Of Human Rights *and EEOC*
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Terri E. Steinken | (708) 624-7112 | 09-24-1958 |

Street Address: 609 S. Warren, Palatine, IL 60074

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| SEARS HOLDINGS CORP. | 500 or More | (847) 330-2356 |

Street Address: #2 Woodfield Drive, Schaumburg, IL 60173

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☒ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: 07-27-2013
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent in or around 1977. My most recent position was Cashier. Respondent is aware of my disability. On or around July 27, 2013, I was discharged.

I believe I have been discriminated against because of my age, 54, (d/o/b September 24, 1958), in violation of the Age Discrimination in Employment Act of 1967, as amended. I also believe I have been discriminated against because of my disability, in violation of the Americans With Disabilities Act of 1990, as amended.

RECEIVED JAN 0 9 2014 CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

X 12/30/13 — Terrie Steinken
Date — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

Carolyn J. Minkel

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year) 12/30/13

CAROLYN J. MINKEL
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires February 14, 2016

**EXHIBIT 1**

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Terri E. Steinken<br>c/o Mark E. Wetterquist, Esq.<br>MARK D. WETTERQUIST AND ASSOCIATES<br>20 North Clark Street, Suite 3000<br>Chicago, IL 60602 | From: Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2014-01150 | Charles E. Kolliker,<br>Investigator | (312) 869-8026 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman* 5/18/16
Julianne Bowman, (Date Mailed)
District Director

Enclosures(s)

cc: Betsey McGrail
Fair Employment Consultant
SEARS HOLDING CORP.
3333 Beverly Rd, A3-130B
Hoffman Estates, IL 60179

**EXHIBIT 2**