IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRI STEINKEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16 CV 7903 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| SEARS, ROEBUCK AND CO., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Terri Steinken filed this employment discrimination suit against her former employer, Sears, Roebuck and Co. ("Sears"), alleging claims for age and disability discrimination in violation of Title VII, 42 U.S.C. § 1981, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA") (Counts I-II), as well as intentional infliction of emotional distress ("IIED") (Count III). Before the Court is Sears's motion to dismiss Count III of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff was born on September 24, 1958 and has cerebral palsy that requires her to use crutches to walk. (Compl. ¶ 5, Count III ¶ 16.)[1] On September 13, 1977, Steinken started working for Sears. (*Id.* ¶ 11.) She held various positions there, including catalogue merchandise pickup, security, and cashier. (*Id.* ¶ 12.) Steinken worked as a cashier in several departments, and most recently was assigned to the Tools Department. (*Id.* ¶¶ 11, 12.) Throughout her almost thirty-six-year employment with Sears, Steinken's performance met Sears's expectations. (*Id.* ¶¶

---

[1] Count III of the Complaint begins with paragraph 16, which is out of sequence. Accordingly, the Court has specified allegations taken from Count III to avoid confusion.

12-13.) Before plaintiff's discharge, another Sears employee[2] told Steinken that she could avoid termination if she were able to operate an electronic hand-held tablet while walking. (*Id.* Count III ¶ 17.) Sears knew it would be impossible for Steinken to perform that task, given her dependence on crutches to walk. (*Id.* Count III ¶ 20b.) Sears terminated Steinken's employment on July 27, 2013. (*Id.* ¶ 14.) Sears told Steinken that it was eliminating the cashier position in the Tools Department and provided Steinken with no other reason for the discharge. (*Id.*) Shortly thereafter, Sears interviewed and hired younger, non-disabled cashiers. (*Id.* ¶ 15.) Steinken alleges that Sears knew terminating her under such conditions would cause extreme emotional distress and that as a result of Sears's conduct, Steinken has and will continue to suffer sleeplessness and severe emotional distress. (*Id.* Count III ¶¶ 20c, 22.)

## STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[2] Plaintiff does not identify this individual or his or her role at Sears.

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need [ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

## DISCUSSION

Sears argues that Steinken's IIED claim is preempted by both the Illinois Human Rights Act ("IHRA") and the Illinois Workers' Compensation Act ("IWCA"). (Def.'s Mot. at 1.) Defendant further asserts that even if the claim is not preempted, plaintiff has failed to state an IIED claim because defendant's conduct was not extreme and outrageous. (Def.'s Mem. at 6.) Plaintiff counters that because the defendant exercised control over her by nature of their employment relationship and was aware that the plaintiff was peculiarly susceptible to emotional distress because of her disability, the defendant's conduct is extreme and outrageous and constitutes a valid IIED claim. (Pl.'s Resp. at 5-6.) Defendant argues that the abuse of power exception does not apply here and that having a disability does not, on its face, render plaintiff particularly susceptible to emotional distress. (Def.'s Reply at 5-6.)

"To recover on a claim for IIED, Illinois law requires a plaintiff to prove: (1) that the conduct was extreme and outrageous, (2) that the actor intended that his conduct inflict severe emotional distress or knew that there was a high probability that his conduct would inflict such distress, and, (3) that the conduct in fact caused severe emotional distress." *Bailey v. City of Chi.*, 779 F.3d 689, 696 (7th Cir. 2015). "Conduct is outrageous only when so extreme as to go beyond all possible bounds of decency and be regarded as intolerable in a civilized

community[,]" *Kyung Hye Yano v. El-Maazawi,* 651 F. App'x 543, 548 (7th Cir. 2016) (internal quotations and citation omitted), and does not include "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities[,]" *Boston v. U.S. Steel Corp.,* 816 F.3d 455, 467 (7th Cir. 2016) (citation omitted). "[C]ourts have found extreme and outrageous behavior to exist in the employer/employee context where the employer clearly abuses the power it holds over an employee in a manner far more severe than the typical disagreements or job-related stress caused by the average work environment." *Honaker v. Smith,* 256 F.3d 477, 491 (7th Cir. 2001). Additionally, "behavior that otherwise might be considered merely rude, abrasive or inconsiderate may be deemed outrageous if the defendant knows that the plaintiff is particularly susceptible to emotional turmoil." *Id.* at 492. However, not everyone who suffers from a physical disability "is also prone to . . . emotional injury." *Sanglap v. LaSalle Bank, FSB*, 345 F.3d 515, 519 (7th Cir. 2003).

Here, a fellow employee made a suggestion on one occasion about how plaintiff could keep her job, knowing that plaintiff would be unable to perform the task because of her disability. This isolated comment does not rise to the extreme and outrageous level required to state an IIED claim, even in the employer/employee context. *See Boutros v. Park Plaza Nw. Home for the Aged,* No. 16 CV 5133, 2016 WL 6995568, at *5 (N.D. Ill. Nov. 30, 2016) (granting motion to dismiss IIED claim where plaintiff alleged that her supervisor shoved her and engaged in hiring practices that made her uncomfortable); *Carroll v. YMCA of Metro Chi., LLC,* 13 CV 9307, 2015 WL 149024, at *5 (N.D. Ill. Jan. 9, 2015) (granting motion to dismiss IIED claim when plaintiff alleged her employer engaged in sexual and ethnic harassment on several occasions); *cf. Honaker,* 256 F.3d at 492 (allegation that village mayor played a role in setting fire to plaintiff's home demonstrated extreme and outrageous conduct); *Spring-Weber v.*

4

*City of Chi.,* Case No. 16 C 8097, 2017 WL 1316267, at *9 (N.D. Ill. Apr. 10, 2017) (denying motion to dismiss IIED claim when plaintiff's employer placed her on involuntary leave, confined her to her home, forced her to undergo drug and psychiatric testing, and denied her medical care and compensation for medical treatment). Further, defendant's insensitive comment cannot be considered outrageous merely because plaintiff has cerebral palsy, without an allegation that her disability carries a heightened risk of emotional injury of which her employer was aware. *See Sanglap,* 345 F.3d at 519 (plaintiff erroneously assumed that having a medical condition (epilepsy in this case) of any sort implied susceptibility to emotional distress); *cf. Meehan v. Loyola Univ. of Chi.,* No. 16 C 10481, 2017 WL 2424225, at *5 (N.D. Ill. June 5, 2017) (denying motion to dismiss IIED claim even though defendant's conduct may not have been extreme and outrageous because plaintiff's employer knew her bipolar disorder and recent sexual assault left her particularly susceptible to emotional distress).

Because the Court finds that plaintiff has failed to state an IIED claim, it need not determine whether the claim is also preempted by the IHRA or the IWCA. *See Atkinson v. SG Americas Sec., LLC,* Case No. 14 CV 9923, 2015 WL 4720227, at *3 (N.D. Ill. Aug. 7, 2015) (declining to address defendant's preemption arguments because the court found plaintiff failed to state an IIED claim). Further, because IIED claims are subject to a two-year statute of limitations[3], the Court finds that amendment would be futile and dismisses this claim with prejudice. *See Dawkins v. Deutsche Bank Nat'l Trust Co.,* No. 13 C 5464, 2013 WL 5164570, at *5 (N.D. Ill. Sept. 12, 2013) (dismissing an IIED claim with prejudice because it was outside the statute of limitations). Plaintiff's employment was terminated on July 27, 2013. The only allegedly extreme and outrageous conduct by defendant is alleged to have occurred prior to or

---

[3] *See* 735 ILCS § 5/13-202.

upon plaintiff's termination. Accordingly, a timely IIED claim needed to have been brought by July 27, 2015. This case was filed on August 5, 2016, over a year outside the statute of limitations for IIED claims. *See Robinson v. Morgan Stanley*, No. 06 C 5158, 2007 WL 2815839, at *10 (N.D. Ill. Sept. 24, 2007) (dismissing an IIED claim with prejudice because "no part of the alleged pattern of extreme conduct took place within the applicable limitations period[]").

## CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss Count III [21] of the complaint is granted.

SO ORDERED.                                    ENTERED: June 8, 2017

_____
**JORGE L. ALONSO**
**United States District Judge**